UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD M. DOVE,

                       **Plaintiff,**

  vs.                                                   3:14-CV-627
                                                         (MAD/DEP)

**CITY OF BINGHAMTON, BINGHAMTON
POLICE DEPARTMENT, and POLICE
OFFICER JOHN DOE,** *County of Broome*,

                       **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**DONALD M. DOVE
10-B-0378**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION and ORDER

Plaintiff, a New York State prison inmate, commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. *See* Dkt. No. 1. Plaintiff's claims center around his arrest in October 2007 and his sentencing as a persistent violent felony offender in January 2010. *See id.* Plaintiff alleges that he was denied due process and equal protection, and that Defendants' stop and frisk practices were unlawful. *See id.*

In a September 8, 2014 Amended Report and Recommendation, Magistrate Judge Peebles recommended that the Court deny Plaintiff's *in forma pauperis* ("IFP") application because he has accumulated three strikes pursuant to 28 U.S.C. § 1915 prior to the commencement of this action and because Plaintiff failed to allege any facts that would permit the Court to find that he was in

imminent danger of serious physical injury at the time he filed suit. *See* Dkt. No. 6 at 5-9. As such, Magistrate Judge Peebles recommended that the Court deny Plaintiff leave to proceed IFP and dismiss this case if Plaintiff fails to pay the $400 filing fee no later than thirty days from the date of any order adopting the recommendation.

In a one page document, Plaintiff states that he objects to the Amended Report and Recommendation. *See* Dkt. No. 7. Specifically, Plaintiff states that he is aware of the three strikes rule and he requests that he be permitted to pay the filing fee in monthly installments as provided for in 28 U.S.C. § 1915(b). *See id.* (citing *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007)). Further, Plaintiff contends that this matter was filed in May of 2014, before he had three strikes against him. *See id.*

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16,

2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Peebles correctly determined that Plaintiff has three strikes and that he has failed to present facts indicating that he was in imminent danger of serious physical injury. Plaintiff's allegations relate to his arrest in conviction in 2007 and 2008, for which he is still incarcerated.

Further, the Court finds that Plaintiff's objections are without merit. The provision of the Prison Litigation Reform Act to which Plaintiff cites does not permit him to pay the filing fee in monthly installments. Rather, that provision permits the payments of fees in monthly installments, drawn from a prison account, when the inmate has been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b). Further, in *Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007), the Second Circuit held that a dismissal without prejudice for failure to exhaust administrative remedies does not constitute a strike pursuant to 28 U.S.C. § 1915. In the present matter, Magistrate Judge Peebles determined that Plaintiff's three strikes were based on cases filed in 2013, which were dismissed for the following reasons: (1) judicial and prosecutorial immunity; (2) the action was duplicative of a previous case and because the named defendants were entitled to absolute immunity; and (3) precluded on the doctrine of *res judicata*. *See* Dkt. No. 6 at 5-6 (citing *Dove v. Smith*, No. 13-cv-1411 (N.D.N.Y. filed Nov. 7, 2013); *Dove v. Smith*, No. 13-cv-1315 (N.D.N.Y. filed Oct. 23, 2013); *Dove v. Pesce*, No. 13-cv-1417 (N.D.N.Y. filed Nov. 14, 2013)). Magistrate Judge Peebles correctly determined that these dismissals constituted strikes for purposes of the Prison Litigation Reform Act.

Finally, Plaintiff's argument that he had not yet received three strikes at the time this action was filed is without merit. *Dove v. Smith*, No. 13-cv-1411 (N.D.N.Y. filed Nov. 7, 2013) was dismissed by order of the Court and judgment was entered on April 3, 2014. *Dove v. Smith*, No. 13-cv-1315 (N.D.N.Y. filed Oct. 23, 2013) was dismissed by order of the Court and judgment was entered on January 14, 2014. Lastly, *Dove v. Pesce*, No. 13-cv-1417 (N.D.N.Y. filed Nov. 14, 2013) was dismissed by order of the Court and judgment was entered on April 3, 2014. As such, these actions constitute strikes for purposes of 28 U.S.C. § 1915.

In the alternative, the Court finds that the dismissal in *Dove v. Harder*, No. 9:09-cv-259 (N.D.N.Y. filed Mar. 4, 2009) constitutes a strike as well. Although that case was dismissed through both a summary judgment motion, as well as a motion to dismiss, the Court still made clear that Plaintiff's underlying claims were without merit. The Court found that the complaint was "bereft of facts demonstrating the existence of plausible cruel and unusual punishment, equal protection, procedural due process, and retaliation claims" and recommended that the claims be dismissed without leave to amend. *See Harder*, No. 9:09-cv-259, Dkt. No. 29 at 38-39. A review of the complaint and documents supporting the motions demonstrate the absolute frivolous nature of Plaintiff's complaint in that action. As such, the Court finds that, although disposition of an action at the summary judgment stage generally does not count as a strike for purposes of section 1915(g), the dismissal in *Harder* falls within the limited exceptions to this general rule. *See Blakely v. Wards*, 738 F.3d 607, 611-12 (4th Cir. 2013) (en banc) (holding that, "in keeping with Section 1915(g)'s plain language, we hold that a summary judgment dismissal stating on its face that the dismissed action was frivolous, malicious, or failed to state a claim counts as a strike for purposes of the PLRA's three-strikes provision").

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Peebles Amended Report and Recommendation (Dkt. No. 6) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED**; and the Court further

**ORDERS** that Plaintiff is directed to pay the full filing fee of $400 no later than **thirty (30) days** from the date of this Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to pay the full filing fee within thirty (30) days of the date of this Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 16, 2014
      Albany, New York

Mae A. D'Agostino
U.S. District Judge